## Thomasson et al. v. Thomasson et al.

June 18, 1948.

As Modified on Denial of Rehearing

May 6, 1949.

William U. Warren for appellants.

Barbour & Bassmann for appellees.

OPINION OF THE COURT BY CLAY, COMMISSIONER— Affirming.

This is an appeal from orders allowing appellee, the wife of an incompetent, the sum of $2,000 for her maintenance, and directing a bank to honor a check in that amount, made payable to her, without the signature of one of two trustees. The appellants are designated as the insane husband, the next friend, and his trustee.

The original petition was filed by the next friend in 1932 to have the incompetent transferred to this state in order that he might receive better care at his own expense than he was allegedly receiving in the hospital for the indigent insane in Florida at the expense of that state. There were allegations of improper and wrongful conduct upon the part of appellee, and the petition prayed the appointment of a committee, the removal of the incompetent to this state, and asked for an accounting.

It appears that the initial controversy has never been determined on its merits. Since the time the petition was filed in 1932, appellee has, through her attorneys, made numerous motions before the Circuit Court for maintenance out of the estate of her insane husband. All of these motions have been sustained, and the allowances totalled, prior to the last one, the sum of $6,154.54. While these orders were objected to on behalf of appellants, no appeal has heretofore been taken. As a matter of fact, appellants admit that the wife of an incompetent is entitled to maintenance from his estate.

We have had great difficulty in determining the grounds on which this appeal is based. Appellants' brief violates Rule 1.340 of this Court, which provides in substance that it shall present a concise statement and

classification of the questions discussed and shall present a clear statement of the issues of law and fact. This has not been done. Many propositions are discussed by both parties, but the propriety of the orders appealed from is the only issue before us.

Appellants' principal objection seems to be that the last allowance of $2,000 was made without evidence showing appellee's needs. We think the Chancellor had the right to assume that appellee required a reasonable sum for her maintenance, in the absence of evidence to the contrary. That same Court over a period of 16 years had made other allowances to appellee, which averaged only $7.99 a week. Since appellants admit that appellee was entitled to a reasonable sum for maintenance, the burden was on them to show the unreasonableness of this allowance. On this record we have been unable to find an abuse by the Chancellor of his judicial discretion.

For the reasons stated, the judgment is affirmed.